UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA E. ROBINSON, ) | |
| GARY ROBINSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:13-cv-00605-SEB-DML |
| ) | |
| THE KROGER CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This cause is before the Court on a Motion for Summary Judgment [Dkt. No. 25] filed by Defendant Kroger Limited Partnership I ("Kroger"). Kroger contends that it is entitled to summary judgment because the undisputed evidence fails to establish that Kroger had actual or constructive notice of the alleged dangerous condition that Ms. Robison alleges caused her fall and the resulting injury. For the reasons detailed herein, we agree. Defendant's Motion is therefore <u>GRANTED</u>.

**Factual Background**

On August 27, 2011, Ms. Robinson, a retired sixty-five year old woman, arrived at the Greenfield, Indiana Kroger store sometime between 10:03 and 10:05 p.m. Kroger Store Manager Linda Shinkle had departed the store at the conclusion of her shift a few minutes before Ms. Robinson's arrival. Kroger Cashier and Customer Service Representative Kassity Hall who was working at the service desk was in charge of the store.

Ms. Robinson slipped and fell near the broccoli display area located within the Produce Department "within five minutes" of having arrived at the store. Robinson Dep. at 21, 87-89. While lying on the floor following her fall, Ms. Robinson noticed the presence of "a green slimy gel substance" on the floor that she had not observed prior to her fall. Ms. Robinson believes that this was the substance she slipped on, which caused her to fall. After getting up from the floor, Ms. Robinson reported the incident as well as the slimy substance to an unidentified Kroger employee working in the front area of the store. Robinson Dep. at 107. Ms. Robinson identified the contributing source of her fall to the employee, describing it as green, slimy, and blob-shaped, with "a slash through it," which she believes resulted when her shoe made contact with the substance. Robinson Dep. at 108-09.

Produce Clerk Aubrey Stanley was responsible for closing the Produce Department of the store on the evening of Ms. Robinson's fall. Ms. Stanley testified that the final task she performed on each evening when she worked as a Produce Clerk at Kroger was to walk a "last loop around the floor of the Produce Department to make certain that there was nothing on the floor that should not be there." Stanley Aff. ¶ 5. During this final inspection, Ms. Stanley's practice was to clean up any spills she discovered. Id. Afterwards, she walked to the store's time clock and clocked out. Kroger's time clock for the evening of Ms. Robinson's incident discloses that Ms. Stanley clocked out at 10:08 p.m. Therefore, Ms. Stanley estimates that she performed her final walk through the Produce Department between 10:06 and 10:07 p.m. Id.

Following Ms. Robinson's fall, a Kroger employee tried to locate an incident report form but was unable to do so. Thus, the employee requested that Ms. Robinson write down her name and describe what had happened. Robinson Dep. at 111-113, Ex. 2. The document reflects that

the time of Ms. Robinson's fall occurred "around 10:15."[1] Robinson Dep. Ex. 2. Ms. Robinson described her fall as follows:

> At the broccoli counter I fell. The floor was sticky and I fell on my left knee and left hand. My right hip and left side waist are hurting some. I twisted to the left when falling. I had small scratch on my left hand.

Id.

Ms. Robinson telephoned her husband, Gary Robinson, after reporting the fall. Mr. Robinson arrived at the store approximately five minutes later and together they shopped for another twenty to forty minutes before returning home. Ms. Robinson did not seek medical attention for several days after her fall.

Manager Shinkle first learned of Ms. Robinson's fall when she came to work the next day and discovered the incident report on her desk. Kroger utilizes a series of video cameras which record activity continuously in various areas of the store. Two days after the incident, on August 29, 2011, Ms. Shinkle reviewed the videotape that had been "panning" the produce section at the time of Ms. Robinson's fall. Shinkle Dep. at 34. Ms. Shinkle testified that Kroger's normal procedure was to make a copy of a videotape if it had recorded an unusual incident, such as shoplifting or an event involving a customer or employee. Id. at 35. Otherwise, recordings are deleted automatically. Id. at 36-37. Ms. Shinkle testified that the videotape she reviewed which had panned the produce section on the night of Ms. Robinson's fall had recorded Ms. Robinson's entry into the store, but her fall in the produce area had not been captured on the videotape. Id. at 23-24, 34-35. Therefore, Ms. Shinkle did not cause a copy of the video to be made and the recording was deleted. Id. at 35.

---

[1] Ms. Robinson testified that 10:15 p.m. was an approximation of when her fall occurred, and she avers in her Response brief that the "fall could have actually occurred several minutes before or after 10:15 p.m." Whether the fall took place at exactly 10:15 or a few minutes earlier or later does not create a genuine issue of material fact.

The Robinsons filed this Complaint for Damages and Request for Jury Trial in the Hancock County Circuit Court on March 21, 2013, alleging they suffered damages, including loss of consortium, as a result of Kroger's negligence. The case was removed to our court in April 2013 based on diversity jurisdiction. 28 U.S.C. § 1332.

## Discussion

### I. Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id., 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The party seeking

summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Id. at 325; Doe v. R.R. Donnelley & Sons, Co., 42 F.3d 439, 443 (7th Cir. 1994).

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). The record and all reasonable inferences that may be drawn from it are viewed in a light most favorable to the party opposing the motion. Anderson, 477 U.S. at 247-52. Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

**II.     Legal Analysis**

Under Indiana law, a negligence claim consists of three elements: (1) a duty owed by Defendant to Plaintiff, (2) failure by Defendant to conform his conduct to the requisite standard of care dictated by the relationship (breach of duty), and (3) an injury suffered by Plaintiff as a result of Defendant's breach of duty. Rising-Moore v. Red Roof Inns, Inc., 368 F. Supp. 2d 867, 873 (S.D. Ind. 2005) aff'd 435 F.3d 813 (7th Cir. 2006). As we explained in Rising-Moore:

> The duty allegedly owed by a defendant to a plaintiff is a question of law. Under Indiana law, a person's status when he is on the property of another dictates the

level of duty owed that person by the landowner. A person coming onto the premises of another is either a trespasser, a licensee or an invitee. Where business premises are involved, such as a [grocery store] which encourages patrons and customers to enter the premises for the benefit of the landowner, the landowner owes the highest of duties related to occupancy of the real estate.

Id. (internal citations omitted). Thus, Kroger owed Ms. Robinson "a duty to exercise reasonable care for [her] protection while [she was] on the landowner's premises," subject to certain conditions, as spelled out in Burrell v. Meads:

> Accordingly, a possessor of land is liable for personal injuries suffered by a business invitee as a result of a condition on the land, but only if the landowner:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and
>
> (b) should expect that the invitees will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

569 N.E.2d 637 at 639-40 (Ind. App. 1991).

Before liability may be established, the party who has control over the premises must have actual or constructive knowledge of the dangerous condition that exists on its premises. Shulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012). Kroger argues that summary judgment should be entered in its favor here because there is no evidence that Kroger had either actual or constructive knowledge[2] of the green slimy substance that Ms. Robinson attributes as the cause of her fall.

Constructive knowledge exists "when a condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the invitor had used ordinary care." Gasser Chair Co. v. Nordengreen, 991 N.E. 2d 122, 126-27 (Ind. Ct. App. 2013) (citing Shulz, 963 N.E.2d at 1144). In Shulz, another case in which

---

[2] Plaintiffs do not assert that Kroger had actual notice of the substance that allegedly caused Ms. Robinson's fall.

a plaintiff slipped and fell at a Kroger store, the substance that caused the claimant's fall was found to have been present for "ten minutes at most." 963 N.E.2d at 1145. In affirming summary judgment in favor of Kroger, the Indiana Court of Appeals explained, "Short of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition." Id.

Judge Lawrence of our court recently granted summary judgment in a similar case to the one before us. See Williams, v. Meijer, Inc., Case No. 1:12-cv-510-WTL-MJD, 2013 U.S. Dist. LEXIS 85733 (S.D. Ind. June 18, 2013). There, plaintiff slipped and fell on a wet spot in an area that had been inspected by an employee of the defendant store owner some seven to twelve minutes prior to the claimant's fall. Judge Lawrence explained that, "[d]ue to the short timing between [the claimant's] fall and [the employee's] last inspection, no reasonable jury could conclude that the wet spot had existed for such a length of time that it would have been discovered in the exercise of ordinary care." Id. at *6-7.

Ms. Robinson has failed to designate any evidence to establish the length of time the slimy substance had been on the floor prior to her fall. Indeed, Ms. Robinson acknowledged that it could have been on the floor for as short a time as a matter of minutes or even seconds prior to her fall. Robinson Dep. at 120-21. Ms. Robinson further testified that she has no evidence regarding the most recent time a Kroger employee was in the area prior to her fall. Robinson Dep. at 119. Ms. Stanley's testimony regarding her typical routine at the end of her shift that she surveys the Produce Department "to make certain there was nothing on the floor that should not be there" is both relevant and convincing, especially in the absence of any evidence to the contrary. Ms. Stanley explained, "During this last loop I cleaned up or removed from the

Produce Department floor any spill or debris that I observed." Stanley Aff. ¶ 5. Thereafter, Ms. Stanley walked to the store's time clock, which took less thirty seconds, and clocked out. Id. ¶¶ 6-7. No evidence contradicts Stanley's testimony, including that she clocked out on that date at 10:08 p.m. after having surveyed the Produce Department for a final time between 10:06 and 10:07 p.m.³ Id. ¶ 9. Ms. Robinson's fall occurred at approximately 10:15 (as indicated on the report of the incident). The time therefore that elapsed between Ms. Stanley's inspection of the cleanliness of the floor and Ms. Robinson's fall was less than ten minutes. No reasonable jury could find, given so short amount of time span as that, that Kroger had constructive notice of the spilled substance on the floor that caused Ms. Robinson's fall. Summary judgment must thus enter in Kroger's favor.

Ms. Robinson's claim that Ms. Shinkle's failure to create and maintain a copy of the videotape of Ms. Robinson's fall constituted spoliation of evidence is entirely without merit. As we recently explained:

> Under Indiana law, "spoliation" refers to "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usually a document." The prevailing rule in the Seventh Circuit "is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to a strong inference that production of the document would have been unfavorable to the party responsible for its destruction." "The crucial element is not that the evidence was destroyed but rather the reason for the destruction." In order to show "bad faith," it must be established that the evidence was intentionally destroyed "for the purpose of hiding adverse information." "Bad faith' is a question of fact like any other, so the trier of fact is entitled to draw any reasonable inference."

---

³ Plaintiffs point out that Ms. Stanley has testified merely to her typical routine "which [she] performed on each occasion that [she] worked as a Kroger Produce Clerk," rather than testifying to her specific recollection of events occurring on August 27, 2011. Plaintiffs characterize this evidence as insufficient to support summary judgment. Resp. at 17. However, Federal Rule of Evidence 406 permits such evidence: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Furthermore, Plaintiffs' failure to submit any evidence whatsoever that is inconsistent with Ms. Stanley's testimony leaves the issue undisputed.

<u>Davis v. Carmel Clay Schs</u>, Case No. 1:11-cv-00771-SEB-MJD, 2013 U.S. Dist. LEXIS 141888, 18-19 (S.D. Ind. Sept. 30, 2013) (internal citations omitted).

Ms. Robinson seeks the benefit of an inferential finding by the Court to the effect that had the video been retained by Kroger personnel, it would have sufficed to create a genuine issue of material fact thereby foreclosing summary judgment. However, the record before us contains no evidence from which a trier of fact could draw a reasonable inference of bad faith. Plaintiffs' assertion that "[t]he evidence shows that Shinkle reviewed the video surveillance with the specific intent of avoiding company liability" is untrue. Shinkle's testimony was that she reviewed the video in order to determine what happened when Ms. Robinson fell, but the video did not capture those events. Having made that determination, Ms. Shinkle testified that the video was destroyed. That that she sent a "Customer Incident Report" to Kroger's insurance carrier on the same day or that Shinkle has "changed her story" regarding the height of the heels on Ms. Robinson's shoes at the time of her fall, does not support a claim of spoliation. There is no basis on which to conclude that Shinkle was aware of any circumstances likely to give rise to future litigation. Thus, we overrule Plaintiffs' request.

Plaintiffs' last ditch effort to defeat Kroger's Motion is pinned to Kroger's failure to refer to the opening section of its brief as the "Statement of Material Facts Not in Dispute," as provided for in Local Rule 56.1(a). Our review discloses that Defendant's factual recitation substantially complies with this rule. "The Court may, in the interests of justice or for good cause, excuse failure to comply strictly with the terms of this rule." Local Rule 56.1(i). Thus, we decline to deny Defendant's Motion on so insubstantial a basis as this.[4]

---

[4] Because Mr. Robinson's loss of consortium claim is derivative of Ms. Robinson's failed negligence claim, summary judgment shall be entered with regard to his claim as well.

**Conclusion**

For the reasons detailed herein, Defendant's Motion for Summary Judgment is <u>GRANTED</u>. Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 7/10/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Roger P. Ralph
ATTORNEY AT LAW
rpralph53@gmail.com

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

Donald B. Kite, Sr.
WUERTZ LAW OFFICE LLC
don@wuertzlaw.com